RYAN TYZ (CSB NO. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
STEPHANIE ALVAREZ SALGADO (CSB No. 334886)
stephanie@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiff
Fandom, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FANDOM, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE, an individual,<br><br>        Defendant. | Case No: _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Fandom, Inc. ("Fandom"), for its complaint against John Doe and alleges as follows:

### Introduction

1.    This action arises from an ongoing, multi-year campaign of harassment, threats, and intimidation carried out by Defendant John Doe ("Defendant" or "Doe"), a disgruntled former user of Fandom's popular video gaming website and community forum, GameFAQs.com ("GameFAQs"). Defendant's campaign, directed at Fandom and one of its employees, has escalated over time, and Fandom now brings this action to protect the safety and wellbeing of its employees and guard its business against the ongoing and imminent harm from Defendant's conduct.

2.    Defendant was an active participant on the GameFAQs website and discussion boards. After Defendant's content was moderated and his access to Fandom's services was restricted or terminated for repeated violations of Fandom's content and moderation policies, including posting prohibited content, Defendant embarked on a retaliatory campaign targeting a Fandom employee who performs moderation duties for GameFAQs (the "Fandom Employee") and Fandom itself.

3.    Defendant has used multiple online platforms, including Reddit, YouTube, Discord, and on information and relief, most recently Craigslist, to publish abusive and threatening content about Fandom and Fandom Employee and to reveal and disseminate private identifying information about Fandom Employee and disparaging content about Fandom. Fandom believes and therefore alleges that Defendant has also engaged in a campaign of harassing telephone calls to Fandom Employee's mother and spouse. Most recently, Fandom believes and therefore alleges that Defendant has escalated his tactics to post false and sexualized content on Craigslist in posts advertising the sale of goods in which he impersonates the Fandom Employee, provides the Fandom Employee's private home address, and suggests that the Fandom Employee and/or his spouse wishes to engage in sexual activity, including offers to trade sex, in a manner designed to draw strangers to the employee's home. Fandom believes and therefore alleges that Defendant has also started responding to other posts on Craigslist by impersonating the Fandom

Employee and instructing Craigslist users to go to the employee's home to complete a trade or transaction, again providing his personal information, including his home address, and further providing that those reading and responding to the Craigslist post should let themselves into Fandom Employee's home. This campaign has worked, as multiple individuals have shown up at Fandom Employee's home, with one person even opening the front door and trying to enter the home without authorization. This has forced Fandom and Fandom Employee to engage the help of law enforcement and file this lawsuit to ensure Fandom Employee's and his family's safety and wellbeing.

4.    Defendant has also directed threats and intimidating statements at Fandom, including threats of "descending on" Fandom's headquarters in San Francisco, California, and claims of having actually traveled to San Francisco to confront Fandom and Fandom Employee.

5.    Defendant's conduct has caused and continues to harm Fandom Employee, causing him serious fear and emotional distress and threatening his and his family's physical safety and mental and emotional wellbeing.

6.    Defendant's conduct has also harmed and continues to harm Fandom. Defendant's conduct, including his libelous statement impersonating Fandom Employee to state that he works at Fandom and is offering goods in exchange for sex, is intended to disparage Fandom as well as Fandom Employee and cause severe harm to Fandom's reputation. The threats to, and fear and distress experienced by, Fandom Employee also directly harm Fandom by impairing Fandom's ability to deploy staff to carry out essential moderation functions on its services, undermining Fandom's efforts to provide a safe workplace, and forcing Fandom to divert resources and attention away from its ordinary operations to address ongoing risk and irreparable harm to its personnel, facilities, and business.

7.    Defendant has attempted to shield his unlawful conduct through use of online aliases, but the platforms on which he has conducted his campaign—including Craigslist, Reddit, Discord, and YouTube—and the Internet Service Providers (ISPs) that provide the IP addresses associated with his conduct on those platforms, can identify Defendant.

8.      Accordingly, Fandom brings this action to unmask Defendant's identity and obtain damages for the harms it has suffered and continues to suffer and to secure injunctive and related relief necessary to protect Fandom Employees, its other staff, its workplace, and its business from further harassment, threats, intimidation, and reputational harm.

**Jurisdiction and Venue**

9.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Fandom believes and therefore alleges that the parties are citizens of different states.

10.     Plaintiff Fandom is incorporated in Delaware and has its principal place of business in San Francisco, California.

11.     On information and belief, Defendant is an individual who resides in and is a citizen of a state other than California.  The IP address associated with Defendant's registration for his former GameFAQs account indicates he is located in the Chicago, Illinois area.   In addition, as part of Defendant's harassment campaign against Fandom and Fandom Employee, Defendant repeatedly posted online about his plans to travel to Fandom headquarters in San Francisco, suggesting he did not live in the area.

12.     This Court also has supplemental jurisdiction over any related state-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

13.     This Court has personal jurisdiction over Defendant because he has purposefully directed his conduct at California and at Fandom's headquarters in San Francisco, including by issuing threats referencing and directed at Fandom and its employees at  Fandom's San Francisco headquarters, by claiming to have traveled to San Francisco as part of his campaign to harass and threaten Fandom and Fandom employee, and by engaging in conduct intended to harm Fandom's operations and employees in California, making it foreseeable that his intentional acts would cause harm in the forum.

14.     Venue is proper in this District under 28 U.S.C. § 1391 because Fandom resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District or were purposefully directed at this District, including threats directed at

Fandom and its San Francisco headquarters and harms to Fandom's employees, operations and workplace here.

### Divisional Assignment

15.     Pursuant to Civil Local Rules 3-2(d), 3-5, and General Order 44 of this Court, this case, assignment of this case to this Court's San Francisco Division because the action arises in substantial part in the county of San Franscisco, where Fandom is located.

### Parties

16.     Plaintiff Fandom, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Fandom operates online entertainment and community platforms, including websites that host user-generated content and discussion forums.  One of Fandom's online community websites and forums is GameFAQs.

17.     At all relevant times, Fandom employed the Fandom Employee referenced in this Complaint as part of its community moderation and content-policy enforcement team. Fandom withholds the name and personal identifying details of the Fandom Employee from this public pleading because of ongoing safety and privacy concerns arising from Defendant's conduct.

18.     Defendant John Doe is an individual whose true name and identity are presently unknown to Fandom. Upon information and belief, Defendant is a former registered user of GameFAQs. who became disgruntled after his content was moderated and his account access was restricted or terminated for repeated violations of Fandom's policies.  In an effort to locate and identify Defendant, Fandom reviewed IP-address information associated with Defendant's GameFAQs account and, using publicly available geolocation tools, traced the IP address to a location in or around Chicago, Illinois. Despite these efforts, Defendant's identity and precise location remain unknown.

19.     Fandom therefore brings this action against Defendant under a fictitious name. Fandom intends to seek targeted expedited discovery from third-party platforms, including without limitation Craigslist, YouTube and Reddit and ISPs associated with the IP addresses Defendant has been linked, in order to ascertain Defendant's identity. Upon completion of this

targeted expedited discovery and identification of Defendant, Fandom intends to amend this Complaint to substitute Defendant's true name when it becomes known, and serve Defendant.

### Factual Background

### *Fandom's Business and Fandom Employee's Role*

20.     Fandom operates online entertainment platforms and community forums. One of its platforms is GameFAQs, where users can create content, post messages, and interact with one another regarding video games and related topics of interest. Fandom acquired GameFAQs in or around late 2022.

21.     In connection with offering its services, including the GameFAQs services, Fandom employs staff whose responsibilities include moderating user content, enforcing Fandom's community guidelines and policies, and taking action when needed to address content or accounts that violate Fandom's policies.

22.     The Fandom Employee referenced throughout this Complaint and targeted by Defendant is one such employee. Fandom Employee's duties include enforcing Fandom's rules relating to prohibited content on GameFAQs, including political content in certain forums, harassment, and other policy violations.

### *Defendant's Dispute with Fandom and Fandom Employee*

23.     Defendant was previously a user of GameFAQs and active on the GameFAQs forums.

24.     In or around 2023, following its acquisition of GameFAQs, Fandom implemented policies on GameFAQs restricting political content and other categories of content to align with Fandom's policies restricting such content. As part of this implementation, Fandom closed a GameFAQs discussion board that had been focused on political content. Fandom also subsequently updated its GameFAQs moderation rules to align with these policies.

25.     Despite Fandom's policies and in direct violation of them, Defendant repeatedly posted content that violated Fandom's policies, including political content, and generally engaged in conduct contrary to Fandom's policies.

26.    As a result of Defendant's repeated violations of its policies, in 2024, Fandom, through its moderation personnel, including Fandom Employee, limited, suspended, and/or terminated Defendant's access to certain services or portions of GameFAQs.

27.    During this time, Fandom Employee was known to GameFAQs users (including under a username) as a Fandom employee and a moderator and enforcer for Fandom's policies. Defendant therefore associated Fandom Employee with, and apparently blamed him for, some or all of Fandom's moderation decisions affecting Defendant's access to GameFAQs.

28.    Defendant reacted to these moderation actions against his account with anger and hostility and began to direct his ire about Fandom's policies not only at Fandom, but directly at Fandom staff, including in particular Fandom Employee.

### *Defendant's Harassment and Threats*

29.    Following his restriction from Fandom's services, Defendant embarked on a sustained campaign of harassment, intimidation, and retaliation directed at Fandom and Fandom Employee under the usernames "Socialmediaisbroken," "SMIB," and other suspected aliases. Defendant's behavior has recently escalated in frequency, intensity, and degree of threat, forcing Fandom to file this action to protect its business and the safety and wellbeing of its employees.

30.    Defendant launched several subreddits on the Reddit platform to coordinate and amplify his harassment of Fandom, Fandom Employee, and other Fandom staff, including r/GameFAQsdeathmatch,        r/GameFAQsCurrentEvents,        r/GameFAQsModeration, r/Tailswasright,    r/GameFAQsDramaHub,    r/theconglomerate,    r/GFconglomerate,    and r/April15Twenty24. Defendant used these communities to coordinate his harassment campaign, post abusive language and personal information about Fandom and its staff, encourage intimidation of Fandom moderators and staff, and amplify his impersonation and doxxing behavior. While some of these subreddits were later banned or removed by Reddit (including at Fandom's request), Defendant simply migrated his harassment to other subreddits and other platforms over time, as discussed further below. For example, Defendant also operates a YouTube account under the username SMIB, available at https://www.youtube.com/@SmibThegod-oz5wx, which he has used to post videos and commentary relating to his grievances and campaign

against Fandom and Fandom Employee. Fandom believes and therefore alleges that Fandom has also taken his harassment campaign to the Discord platform, where he has posted similar harassing messages, including targeting another Fandom employee who filed a police report about the message.

31.     Beginning in February 2024, Defendant started making statements and threats directed at Fandom and Fandom Employee, primarily on the subreddits he had created. These statements included references to the location of Fandom's headquarters in San Francisco and statements indicating that Defendant was planning to travel to Fandom's offices in order to confront Fandom Employee or other Fandom personnel about Fandom's moderation policies.

32.     In or around August 2024, Defendant posted threats in a subreddit to "descend on San Francisco" and "establish a command center within relative walking distance of [Fandom's headquarters]." Defendant explicitly mentioned wanting to confront Fandom Employee as part of this plan, or other Fandom staff in moderation roles.

33.     In a follow-up post in August 2024, Defendant claims to have traveled to San Francisco and "opted to set up shop" in a nearby San Francisco neighborhood. While he claimed he was unable to complete his visit to Fandom's headquarters during the trip, he expressed a desire to return to San Francisco, saying "I will never give up. I will never relent."

34.     During this time, Fandom Employee reported the above ongoing conduct to Fandom's Human Resources department, and Fandom took various measures to address the behavior, dedicating time and resources to support Fandom Employee and other staff and ensure workplace safety and employee wellbeing. When it became clear that Defendant's behavior was escalating to potential in-person harassment at Fandom's offices, Fandom also escalated the matter to consult with federal and local law enforcement as appropriate.

35.     In 2025, Defendant continued and escalated his harassment. For example, Fandom Employee's mother received a series of harassing phone calls from unknown individual(s) that Fandom believes and therefore alleges were Defendant or affiliated with Defendant. Fandom Employee reported these calls to Fandom and directed his mother to file a separate local police report documenting the incident. At this time, Fandom and Fandom Employee became seriously

concerned that Defendant's harassment of Fandom and Fandom Employee were now expanding to target Fandom Employee's family members.

36.    Finally, over approximately the past month, Fandom believes and therefore alleges that Defendant has escalated his campaign to cause physical intrusion into Fandom Employee's home and private life. On information and belief, Defendant has been creating Craigslist posts impersonating Fandom Employee and revealing his location or specific home address to draw strangers to his home to conduct sales or other transactions. In the Craigslist posts, Defendant (1) states he is Fandom Employee, providing his name and specifying his role at Fandom, (2) claims to be offering an item(s) for sale in exchange for money or, in at least one case, to "trade for sex" with Fandom Employee and/or his spouse, and (3) in at least one post, discloses Fandom Employee's private home address as the transaction location, thus inviting strangers to show up at Fandom Employee's house where he lives with his family. Most recently, Fandom believes and therefore alleges that Defendant has also begun responding to other Craigslist posts, by impersonating Fandom Employee and explicitly instructing others to go to the employee's home, indicating that they can let themselves into the house. Because Defendant is making these posts as replies to Craigslist ads and/or in private messages, Fandom and Fandom Employee are unable to ascertain their scope or breadth, but are gravely concerned it is widespread, increasing risk of danger and harm to Fandom Employee and his family.

37.    As a result of these postings, multiple strangers have come to Fandom Employee's residence, including multiple times in January 2026, in apparent response to Defendant's Craigslist ads. These strangers became verbally aggressive with Fandom Employee's spouse and caused severe distress to Fandom Employee and his family.

38.    Most recently, on February 12, 2026, yet another individual showed up to Fandom Employee's residence due to Defendant's harassment campaign. This individual claimed that he had received a response to his own Craigslist post, providing Fandom Employee's address and instructing him to come to Fandom Employee's address to complete a trade of goods. The responder even told this individual to let himself into the residence. Fandom believes and

therefore alleges that Defendant is the person who responded to this individual and directed him to intrude upon Fandom Employee's private life and home.

39.    Fandom and Fandom Employee have dedicated extensive time and resources to reporting Defendant's posts to Craigslist, getting the harassing ads removed, and engaging with local law enforcement where Fandom Employee lives to ensure the safety and wellbeing of his family.

40.    At all times, Defendant has tied his threats and harassment of Fandom and Fandom Employee to Fandom's moderation policies and decisions, expressly blaming Fandom and its personnel for closing or changing forums and for removing his content.

41.    Defendant's conduct is ongoing, deliberate, hostile, and escalating in its severity and frequency. He has continued his campaign across multiple platforms, online and in person through third parties, and is using different accounts and channels to evade reporting and to expand the impact of his harassment and the harm he is causing.

### *Defendant is Causing Severe Harm to Fandom and Fandom Employee*

42.    Defendant's conduct has caused and is continuing to cause Fandom Employee severe harm. Defendant's yearslong campaign of threatening and harassing posts have taken a significant toll on Fandom Employee, causing severe emotional distress and fear and reputational harm. And the most recent doxing of the Fandom Employee's home address, coupled with false and sexualized advertisement(s) and posts inviting strangers to contact or visit Fandom Employee, has created a real and ongoing risk that Defendant or other unknown individuals will arrive at Fandom Employee's home or otherwise contact him or his family in a dangerous or exploitative manner.

43.    The presence of strangers at or near the employee's home, the harassment directed at members of the employee's household, and the continuing threat of further incidents have caused severe emotional distress to the Fandom Employee. The Fandom Employee's sense of safety and security has been significantly undermined, affecting the employee's ability to carry out job duties and to participate in Fandom's public-facing moderation and community-management roles.

44.     Defendant's conduct has also directly harmed Fandom. Fandom's ability to provide a safe and secure workplace for its employees is essential to its operations. Defendant's false and defamatory impersonation of Fandom Employee and statements that he, someone who works for Fandom, is trading goods for sex on Craigslist is harmful to Fandom's reputation and business. Defendant's threats, harassment, and doxing of Fandom Employee have also created a credible risk of harm that extends into the workplace and are reasonably perceived as connected to the Fandom Employee's work for Fandom. The threats and ongoing fear experienced by the Fandom Employee have also impaired his, and by extension Fandom's, ability to perform essential moderation functions on GameFAQs and other Fandom sites. Fandom has also had to alter work assignments, adjust how its employees interact with online communities, and implement additional safety-related practices to reduce the risks posed by Defendant's conduct. And Fandom has been forced to divert substantial time, attention, and resources away from its ordinary business operations to address the ongoing libel, harassment, and threats, including by assessing risks to its personnel and facilities and taking remedial and protective measures internally, with law enforcement, and now with this lawsuit.

45.     Defendant's conduct thus has caused and continues to cause economic, reputational, and related harm to Fandom, including costs associated with responding to and mitigating the effects of Defendant's harassment, disruption of Fandom's moderation and community operations, and harm to Fandom's interest in maintaining a safe and effective workplace.

### Defendant and Unmasking Need

46.     As explained above, Fandom does not currently know Defendant's true name or identity. While Fandom has endeavored to locate limited identifying information, including by using publicly available tools to research IP-address information associated with Defendant's GameFAQs account and capturing proof of Defendant's travel to this forum (presumably from outside it), Defendant's identity and precise location remain unknown.

47.     Additional identifying information relevant to Defendant is likely in the possession of third-party platforms that he has used to wage his harassment campaign against

Fandom and Fandom Employee, including without limitation Craigslist, Reddit, and YouTube, as well as the Internet service providers that provide the IP addresses associated with his activity on those platforms.

48.     Upon filing of this Complaint, Fandom therefore intends to seek leave of Court to conduct limited, targeted expedited discovery to obtain information sufficient to identify Defendant, so that he may be named and served in this action.  There is good cause for such discovery because Defendant's conduct is ongoing, the risk of further imminent harassment and potentially violent or dangerous interactions or other harm is substantial, and electronic records necessary to identify Defendant may otherwise be lost or destroyed with the passage of time.

## FIRST CAUSE OF ACTION

### Defamation (Libel Per Se)
### (On Behalf of Fandom and Fandom Employee)

49.     Fandom realleges and incorporates by reference the preceding paragraphs as though fully set forth here.

50.     Fandom presents this claim on behalf of itself and Fandom Employee. Fandom has standing to present this claim on behalf of the Fandom Employee because: 1) the Fandom employee would otherwise have standing to sue in his own right; 2) the privacy and safety issues Fandom seeks to vindicate on behalf of its employee relates to its purpose of safely operating its online platforms and community forums; 3) neither the claim asserted nor the relief requested requires the participation of the Fandom Employee in the lawsuit; and 4) safety obstacles exist preventing the Fandom Employee from asserting this claim in his own right. Fandom has also suffered an injury in fact.

51.     On information and belief, in or around January 2026, Defendant began impersonating Fandom Employee and publishing postings on Craigslist and other online platforms. In at least one post, Defendant impersonated Fandom Employee and falsely represented that he was offering goods in exchange for money or would "trade for sex" with Fandom Employee and/or his spouse.

52.     The post included personal identifying information–including Fandom Employee's full name, his role as a Fandom employee and approximate location of Fandom Employee's home–sufficient for readers to understand that the posting referred to Fandom Employee.

53.     The statements in the posting were false. Fandom Employee never offered sexual services or exchanges of any kind as stated in the post.

54.     Defendant published the statement to members of the public through Craigslist and potentially other online channels unknown to Fandom and/or Fandom Employee.

55.     As a direct result of this and other posts, unknown and uninvited persons have responded by appearing at or near Fandom Employee's residence.

56.     The false post exposed Fandom Employee to invasion of privacy, humiliation, embarrassment, emotional distress, fear, and turmoil and tended to injure him, his family members, and his occupation and reputation. The statement also exposed Fandom and Fandom Employee to severe reputational harm.

57.     The statements falsely imputed sexual conduct with moral turpitude implications, constituting defamation per se.

58.     Defendant knew the statements were false or acted with reckless disregard for their truth.

59.     Defendant acted with malice, oppression, and fraud, intending to harm Fandom Employee and Fandom and disrupt Fandom's business.

60.     As a direct and proximate result of Defendant's defamatory statement, the Fandom Employee has suffered severe emotional distress, fear for personal and family safety, and substantial disruption to personal and professional life, which has materially impaired and harmed Fandom Employee's ability to perform essential job duties for Fandom and has required Fandom to adjust work arrangements and take additional safety-related measures to ensure Fandom Employee's safety and physical and mental wellbeing.

61.     As a direct and proximate result of Defendant's defamatory statement, Fandom has been directly harmed. That harm includes, without limitation, the diversion of resources

needed to address the consequences of Defendant's conduct; the impact on Fandom Employee's availability and ability to perform critical moderation functions; and the negative effect on Fandom's ability to maintain a safe, stable, and effective workplace free from the humiliation, emotional distress, and disruption caused by Defendant's statement.

## SECOND CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### (On Behalf of Fandom Employee)

62.    Fandom realleges and incorporates by reference the preceding paragraphs as though fully set forth here.

63.    Fandom presents this claim on behalf of Fandom Employee. Fandom has standing to present this claim on behalf of the Fandom Employee because: 1) Fandom Employee would otherwise have standing to sue in his own right; 2) the privacy and safety issues Fandom seeks to vindicate on behalf of Fandom Employee relate to its purpose of safely operating its online platforms and community forums; 3) neither the claim asserted nor the relief requested requires the participation of the Fandom Employee in the lawsuit; and 4) safety obstacles exist preventing the Fandom Employee from asserting this claim in his own right. Fandom has also suffered an injury in fact.

64.    Defendant has engaged in extreme and outrageous conduct by, among other things, publicly disseminating Fandom Employee's private identifying information; impersonating Fandom Employee in false and sexualized advertisements and posts; inviting strangers to contact or visit the employee at home and providing his private personal home address for such contact; expanding harassment to members of Fandom Employee's family; and tying all of these actions to threats and statements directed at Fandom and its staff, headquarters, and business, due to Fandom's enforcement of its moderation policies.

65.    Defendant intended to cause, or acted with reckless disregard of the probability of causing, severe emotional distress to the Fandom Employee.

66.    As a direct and proximate result of Defendant's conduct, the Fandom Employee has suffered severe emotional distress, fear for personal and family safety, and substantial disruption to personal and professional life.

67.    The severe emotional distress and fear experienced by Fandom Employee have materially impaired and harmed the employee's ability to perform essential job duties for Fandom and have required Fandom to adjust work arrangements and take additional safety-related measures to ensure Fandom Employee's safety and physical and mental wellbeing.

68.    Fandom has been directly harmed by Defendant's intentional infliction of emotional distress on its employee. That harm includes, without limitation, the diversion of resources needed to address the consequences of Defendant's conduct; the impact on the employee's availability and ability to perform critical moderation functions; and the negative effect on Fandom's ability to maintain a safe, stable, and effective workplace.

69.    Defendant's conduct was malicious, oppressive, or in conscious disregard of the rights and safety of others, and warrants an award of punitive or exemplary damages.

## THIRD CAUSE OF ACTION

### Intrusion Upon Seclusion / Invasion of Privacy
### (On Behalf of Fandom Employee)

70.    Fandom realleges and incorporates by reference the preceding paragraphs as though fully set forth here.

71.    Fandom presents this claim on behalf of Fandom Employee. Fandom has standing to present this claim on behalf of the Fandom Employee because: 1) the Fandom employee would otherwise have standing to sue in his own right; 2) the privacy and safety issues Fandom seeks to vindicate on behalf of its employee relates to its purpose of safely operating its online platforms and community forums; 3) neither the claim asserted nor the relief requested requires the participation of the Fandom Employee in the lawsuit; and 4) safety obstacles exist preventing the Fandom Employee from asserting this claim in his own right. Fandom has also suffered an injury in fact.

72.    Defendant intentionally intruded into the private life and affairs of the Fandom Employee by obtaining, using, and publicly disseminating private identifying information, including the employee's home address and/or sufficiently specific location details.

73.    Defendant disclosed the Fandom Employee's personal information in posts designed to draw unknown third parties to the Fandom Employee's home under deceptive and potentially dangerous circumstances.

74.    The Fandom Employee had a reasonable expectation of privacy with respect to the his private home address and the sanctity of his residence and family life.

75.    Defendant's intrusion into the Fandom Employee's private affairs would be highly offensive to a reasonable person.

76.    Defendant's intrusion has caused the Fandom Employee significant emotional distress and fear for personal and family safety and has resulted in actual physical intrusions and harassment by unknown third parties at or near the employee's home.

77.    Fandom has been directly harmed by this intrusion upon the privacy of its employees because it undermines Fandom's ability to provide a safe working environment, impairs the employee's ability to perform job duties, and forces Fandom to divert resources and attention to mitigating the ongoing risks created by Defendant's conduct.

78.    Defendant's conduct was malicious, oppressive, or in conscious disregard of the rights and safety of others, justifying an award of punitive or exemplary damages.

**FOURTH CAUSE OF ACTION**

**False Light Invasion of Privacy**
**(On Behalf of Fandom Employee)**

79.    Fandom realleges and incorporates by reference the preceding paragraphs as though fully set forth here.

80.    Fandom presents this claim on behalf of Fandom Employee. Fandom has standing to present this claim on behalf of the Fandom Employee because: 1) the Fandom employee would otherwise have standing to sue in his own right; 2) the privacy and safety issues Fandom seeks to vindicate on behalf of its employee relates to its purpose of safely operating its online platforms

and community forums; 3) neither the claim asserted nor the relief requested requires the participation of the Fandom Employee in the lawsuit; and 4) safety obstacles exist preventing the Fandom Employee from asserting this claim in his own right. Fandom has also suffered an injury in fact.

81.    Defendant publicly disseminated postings and online content impersonating Fandom Employee and portraying him in a false and highly offensive light, including specifically by falsely representing that Fandom Employee was seeking to trade goods for sex, and specifically identifying him as an employee of Fandom.

82.    Defendant's postings impersonated Fandom Employee and included identifying information sufficient for viewers to believe the postings were created by or accurately described him.

83.    The portrayal was false.

84.    Defendant was negligent in determining the truth of the publicized information and/or acted with reckless disregard for the truth or falsity of the publicized information and the false light in which the Fandom Employee would be placed.

85.    Defendant acted with malice and intent to humiliate, endanger, and harm Fandom Employee and disrupt Fandom's business.

86.    Defendant's conduct would be highly offensive to a reasonable person.

87.    As a direct and proximate result, Fandom Employee suffered fear, emotional distress, humiliation, reputational harm, dignitary harm, and loss of privacy and security in his home.

88.    Fandom has been directly harmed by Defendant's false light portrayal of its employee because the safety and reputation of its employee are integral to the employee's ability to carry out Fandom's moderation functions, and the harassment has impaired Fandom's operations and necessitated protective measures.

89.    Defendant's conduct was malicious, oppressive, or in conscious disregard of the rights and safety of others, supporting an award of punitive or exemplary damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIFTH CAUSE OF ACTION

**Public Disclosure of Private Facts**
**(On Behalf of Fandom Employee)**

90.     Fandom realleges and incorporates by reference the preceding paragraphs as though fully set forth here.

91.     Fandom presents this claim on behalf of Fandom Employee. Fandom has standing to present this claim on behalf of the Fandom Employee because: 1) the Fandom employee would otherwise have standing to sue in his own right; 2) the privacy and safety issues Fandom seeks to vindicate on behalf of its employee relates to its purpose of safely operating its online platforms and community forums; 3) neither the claim asserted nor the relief requested requires the participation of the Fandom Employee in the lawsuit; and 4) safety obstacles exist preventing the Fandom Employee from asserting this claim in his own right. Fandom has also suffered an injury in fact.

92.     Defendant publicly disclosed private facts about the Fandom Employee, including the employee's full name and home address and/or sufficiently specific location information, by posting or causing to be posted such information on public websites and platforms.

93.     The disclosed information was not of legitimate public concern and was not publicly disseminated by Fandom Employee.

94.     Defendant publicized this private information to the general public via online postings and digital platforms.

95.     Defendant's disclosure resulted in members of the public appearing at Fandom Employee's residence and contacting him.

96.     Defendant's conduct would be highly offensive to a reasonable person.

97.     Defendant acted intentionally and with reckless disregard for Fandom Employee's safety, privacy, and security.

98.     As a direct and proximate result, Fandom Employee suffered fear, emotional distress, humiliation, reputational harm, and loss of privacy and security in his home

99.    Fandom has been directly harmed by Defendant's public disclosure of private facts of its employee because the safety and reputation of its employee are integral to the employee's ability to carry out Fandom's moderation functions, and the harassment has impaired Fandom's operations and necessitated protective measures.

100.    Defendant's conduct was malicious, oppressive, or in conscious disregard of the rights and safety of others, supporting an award of punitive or exemplary damages.

### SIXTH CAUSE OF ACTION

#### Harassment under CCP § 527.6
#### (On Behalf of Fandom Employee)

101.    Fandom realleges and incorporates by reference the preceding paragraphs as though fully set forth here.

102.    Fandom presents this claim on behalf of Fandom Employee. Fandom has standing to present this claim on behalf of the Fandom Employee because: 1) the Fandom employee would otherwise have standing to sue in his own right; 2) the privacy and safety issues Fandom seeks to vindicate on behalf of its employee relates to its purpose of safely operating its online platforms and community forums; 3) neither the claim asserted nor the relief requested requires the participation of the Fandom Employee in the lawsuit; and 4) safety obstacles exist preventing the Fandom Employee from asserting this claim in his own right. Fandom has also suffered an injury in fact.

103.    Defendant has knowingly and willfully subjected the Fandom Employee and other Fandom employees to a continuous course of intimidation and harassment, including by publicly disseminating the Fandom Employee's private identifying information; impersonating the employee in false and sexualized advertisements and posts; inviting strangers to contact or visit the employee at home; expanding harassment to his family members; and attempting to visit the Fandom Employee at Fandom's headquarters.

104.    Defendant's intimidating and harassing conduct serves no legitimate purpose.

105.    Defendant's intimidating and harassing conduct is extreme and outrageous and would cause any reasonable person to suffer substantial emotional distress.

106.    Defendant's harassment has caused the Fandom Employee significant emotional distress and fear for personal and family safety and has resulted in actual physical intrusions and harassment by unknown third parties at or near the employee's home.

107.    Defendant's ongoing campaign of harassment, doxing, and threats creates a continuing risk to the safety of the Fandom Employee, other Fandom staff, and Fandom's workplace.

108.    Fandom, as the employer, has a strong and legitimate interest in protecting its employees and its workplace from workplace-connected threats, harassment, and violence and in ensuring that employees can perform their duties without fear of harm.

109.    Fandom is entitled to injunctive and other equitable relief restraining Defendant from further harassing, threatening, or contacting the Fandom Employee or other Fandom employees.

## SEVENTH CAUSE OF ACTION

### Doxing Under CCP § 1708.89
### (On Behalf of Fandom Employee)

110.    Fandom realleges and incorporates by reference the preceding paragraphs as though fully set forth here.

111.    Fandom presents this claim on behalf of Fandom Employee. Fandom has standing to present this claim on behalf of the Fandom Employee because: 1) the Fandom employee would otherwise have standing to sue in his own right; 2) the privacy and safety issues Fandom seeks to vindicate on behalf of its employee relates to its purpose of safely operating its online platforms and community forums; 3) neither the claim asserted nor the relief requested requires the participation of the Fandom Employee in the lawsuit; and 4) safety obstacles exist preventing the Fandom Employee from asserting this claim in his own right. Fandom has also suffered an injury in fact.

112.    Defendant intentionally and publicly posted on various online platforms the Fandom Employee's personal identifying information, including his full legal name, home address, and other identifying information sufficient to locate his residence.

113.    Defendant disclosed the Fandom Employee's personal identifying information without his consent.

114.    Defendant disclosed the Fandom Employee's personal identifying information with the intent of placing him in reasonable fear for his safety and/or the safety of his immediate family.

115.    Defendant made these disclosures for the purpose of causing the Fandom Employee unwanted physical contact, injury, or harassment by third parties. Defendant's postings encouraged third parties to visit the Fandom Employee's home, led others to believe he was willing to trade for sex, and resulted in actual physical intrusions and harassment by unknown third parties at or near the employee's home.

116.    Defendant's doxing of the Fandom Employee has caused the Fandom Employee significant emotional distress and fear for his personal and family safety.

117.    Fandom has been directly harmed by Defendant's doxing of its employee because the safety and reputation of its employee are integral to the employee's ability to carry out Fandom's moderation functions, and the harassment has impaired Fandom's operations and necessitated allocation of substantial resources to implement protective measures.

118.    Defendant's conduct was malicious, oppressive, and/or in conscious disregard of the rights and safety of others, justifying an award of punitive or exemplary damages.

## EIGHTH CAUSE OF ACTION

### Intentional Interference with Contractual Relations
### (On Behalf of Fandom)

119.    Fandom realleges and incorporates by reference the preceding paragraphs as though fully set forth here.

120.    Fandom has a protected and valuable interest in its business relationships, including with its employees, which are governed by employment contracts.  At all relevant times alleged herein, the Fandom Employee had an employment contract with Fandom.

121.    Defendant was at all relevant times aware that Fandom Employee was employed by Fandom.  Indeed, after Defendant's privileges as a GameFAQs user were restricted and/or

terminated, Defendant intentionally targeted the Fandom Employee because of his employment relationship with Fandom and his performance of moderation duties on Fandom's behalf.

122.    Defendant engaged in a course of conduct designed to disrupt the contractual relationship between Fandom and Fandom Employee, including but not limited to publicly posting Fandom Employee's name and home address online and making threatening statements directed at Fandom Employee, which referenced his employment with Fandom, and traveling to Fandom headquarters with the intent of confronting Fandom Employee.

123.    As a direct and proximate result of Defendant's actions, the employment relationship between Fandom and Fandom Employee has been substantially disrupted and harmed.  Fandom has worked with Fandom Employee to modify Fandom Employee's job duties, alter work assignments, and implement security measures as needed, which has resulted in significant diversion of company resources to address the threats and harassment and protect Fandom Employee's physical and mental safety and wellbeing.

124.    Defendant's conduct has also impaired Fandom Employee's ability to perform his contractual duties safely in the ordinary course and made performance of his duties more difficult.

125.    As a direct and proximate result of Defendant's interference, Fandom has suffered damages in an amount according to proof at trial, including but not limited to diverted resources, operational disruption, loss of productivity, and related economic harm.

126.    Defendant acted intentionally, maliciously, and with conscious disregard of Fandom's rights, entitling Fandom to an award of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fandom, Inc. respectfully prays for judgment against Defendant John Doe as follows:

A.    For compensatory damages in an amount to be proven at trial, including damages for the harms to Fandom arising from Defendant's harassment and threats toward the Fandom Employee and Fandom;

B.    For punitive and exemplary damages in an amount sufficient to punish Defendant and deter similar misconduct;

C.    For preliminary and permanent injunctive relief prohibiting Defendant, and anyone acting in concert with him, from:

(1) Harassing, threatening, or contacting the Fandom Employee, any member of the employee's household, or any Fandom employee in connection with their work at Fandom;

(2) Publishing or causing to be published the Fandom Employee's private identifying information, including home address, phone number, or other personally identifying information;

(3) Posting or causing to be posted any content falsely representing that the Fandom Employee is seeking to engage in sexual activity or to trade sex, or otherwise impersonating or misrepresenting the Fandom Employee online; and

(4) Posting or causing to be posted any content that encourages or invites third parties to contact, visit, or approach the Fandom Employee or the employee's household;

D.    For an order authorizing Fandom, subject to appropriate protections and on an expedited basis, to serve subpoenas or discovery requests on specified third-party platforms, service providers, and ISPs to obtain information sufficient to identify Defendant so that he may be named and served in this action;

E.    For costs of suit incurred herein;

F.    For reasonable attorneys' fees where authorized by law; and

G.    For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Fandom, Inc. demands a trial by jury on all issues so triable.

Respectfully submitted,
TYZ LAW GROUP PC

Dated: February 13, 2026          */s/Ciara McHale*
                                  Ciara McHale

                                  Attorneys for Plaintiff
                                  Fandom, Inc.