| | |
|---|---|
| 1 | RYAN TYZ (CSB NO. 234895) |
| | ryan@tyzlaw.com |
| 2 | CIARA MCHALE (CSB No. 293308) |
| | ciara@tyzlaw.com |
| 3 | STEPHANIE ALVAREZ SALGADO (CSB No. 334886) |
| | stephanie@tyzlaw.com |
| 4 | TYZ LAW GROUP PC |
| | 1 Embarcadero Center, Suite 1200 |
| 5 | San Francisco, CA 94111 |
| | Telephone: 415.868.6900 |
| 6 | |
| 7 | Attorneys for Plaintiff |
| | Fandom, Inc. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FANDOM, INC., a Delaware corporation, | | Case No: 3:26-cv-01354 |
| Plaintiff, | | **[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ORDER PERMITTING EXPEDITED DISCOVERY** |
| v. | | |
| JOHN DOE, an individual, | | **GRANTED AS MODIFIED** |
| Defendant. | | |
| | | Complaint Filed:   February 13, 2026 |

**[~~PROPOSED~~] ORDER**

This application came before the Court upon Fandom's *Ex Parte* Application for Order Permitting Expedited Discovery ("Application"), and the Court ORDERS:

1. Fandom established that "good cause" exists for it to serve a third-party subpoenas on Reddit, Craigslist, Discord, Google/YouTube, and Comcast (collectively, "Third-Parties"), attached as Exhibits A through E to the Declaration of Ciara McHale in support of the Application. The Court finds that Fandom satisfies the test set forth in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) for determining whether good cause exists for expedited discovery to identify a Doe defendant. First, Fandom has identified Defendant with sufficient specificity such that the Court can conclude Defendant is a real person or entity who could be sued in federal court. Second, Fandom sufficiently identified the steps it has taken to locate Defendant. Third, Fandom has sufficiently stated ~~each of its~~ claims such that they would survive a motion to dismiss.[1] Finally, Fandom has demonstrated that there is a reasonable likelihood it will be able to identify Defendant through the proposed discovery such that service of process on Defendant would be then be possible. Accordingly, Fandom may serve each of the proposed subpoenas attached as Exhibits A through E to the Declaration of Ciara McHale.

2. ~~If, upon receiving information in response to the proposed subpoenas, Fandom remains unable to sufficiently identify Defendant because, for example, only IP addresses associated with Defendant's activities on the subpoenaed platforms are provided, the Court further permits Fandom to serve follow-up subpoenas on ISPs associated with any IP addresses provided by the subpoenaed platforms, consistent with the subpoena attached as Exhibit E to the McHale Declaration.~~ Fandom may apply to serve additional subpoenas if and when it determines such subpoenas are necessary.

---

[1] The Court finds that Fandom has stated at least some claims that would likely survive a motion to dismiss. The Court does not reach the question of whether all of Fandom's claims would likely survive such a motion.

3. Fandom shall attach to any such subpoena a copy of this Order and a copy of Fandom's Complaint.

4. Fandom may only use the information disclosed in response to any of the permitted subpoenas for the purpose of protecting and enforcing Fandom's rights as set forth in its Complaint. Pending further order of the Court, Fandom shall not disclose personally identifying information obtained in response to the permitted subpoenas outside of this action or in any public filing, and shall reference any person identified by the permitted subpoenas in public filings only by their initials. If any such person appears in this action (whether named as a defendant or otherwise) and does not wish to appear under their own name, the Court will require them to file a motion to proceed under pseudonym. If a defendant is named and served but defaults, Fandom may file an administrative motion for leave to disclose that defendant's name and other relevant personally identifying information in public filings.

IT IS SO ORDERED.

Dated: March 12, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge