RYAN TYZ (CSB NO. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
STEPHANIE ALVAREZ SALGADO (CSB No. 334886)
stephanie@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiff
Fandom, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANDOM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, an individual,<br><br>Defendant. | Case No: 3:26-cv-01354-LJC<br><br>**PLAINTIFF FANDOM, INC.'S SECOND *EX PARTE* APPLICATION FOR AN ORDER PERMITTING EXPEDITED DISCOVERY** |

Pursuant to Civil Local Rule 7-10, and the Court's Order, Dkt. 10 ¶ 2, Fandom hereby files this second *ex parte* application for leave to serve three additional third-party subpoenas on email and internet service providers identified in discovery received from Craigslist, to determine Defendant's identity.

As detailed in Fandom's prior application for expedited discovery, Dkt. 6 ("First Application"), which is incorporated here by reference,  Defendant is engaged in an ongoing and escalating harassment and doxxing campaign directed at one of Fandom's employees (the "Fandom Employee"). *See* Dkt. 6, 8. After the Court granted Fandom's First Application, Dkt. 10, and Fandom promptly served the subpoenas authorized in that order, including on Craigslist, Fandom received responsive records from Craigslist identifying three IP addresses and two email addresses associated with a dozen harassing posts made by Defendant. Fandom now seeks leave to serve additional targeted subpoenas on the service providers (ISPs) associated with the emails and IP addresses identified in Craigslist's records, to seek information identifying the underlying account holder(s). Without this information, Fandom cannot identify defendant and thus cannot pursue its lawsuit to protect its business and Fandom Employee.

This request is based on this application, the supporting memorandum of points and authorities, the Declaration of Ciara McHale and exhibits thereto, including the proposed subpoenas, the [Proposed] Order submitted concurrently herewith, and all other matters the Court sees fit to consider.

## I.    BACKGROUND

As the Court knows, Fandom filed this action to stop an ongoing, multi-year campaign of harassment, threats, and intimidation by Defendant, a disgruntled former user of Fandom's popular video gaming website and community forum, GameFAQs. *See generally* Comp. Defendant's real identity is unknown to Fandom. *Id.* at ¶ 18.

On February 18, 2026, Fandom filed its First Application for an order permitting expedited discovery to ascertain Defendant's identity. Dkt. 6. Specifically, Fandom sought leave to serve subpoenas on platforms used by Defendant to conduct his harassment campaign—Google (YouTube), Discord, Reddit, and Craigslist—and an ISP associated with an IP address

linked to Defendant's former account on Fandom's GameFAQs platform, Comcast. Dkt. 6-1, Exs. A-E. On March 12, 2026, the Court granted Fandom's request. Dkt. 10. The next day, Fandom served the Court-authorized subpoenas. McHale Decl. ¶ 2.

In response to Fandom's subpoena, on March 18, 2026, Craigslist produced to Fandom records relating to twelve posts apparently made by Defendant (the "Craigslist Records"). McHale Decl. ¶ 3, Ex. 1. The Craigslist Records include IP and email address information relating to the Craigslist Post that Fandom identified in its First Application. *Compare* Dkt. 6-2 Exs. 1 and 2 *to* McHale Decl. Ex. 1 at 10, 28. But the other posts in the Craigslist Records associated with Defendant's email and IP addresses are equally and often far more disturbing, defamatory, and dangerous. For example, multiple posts impersonate Fandom Employee, state his role at Fandom and his home address, and include several purported pictures of the inside of his home, claiming that Fandom Employee is offering a room for rent in exchange for sex. McHale Decl. Ex. 1 at 12, 16, 20. In other posts, Defendant impersonates Fandom Employee and claims to be selling drugs from Fandom Employee's home. *Id.* at 1, 2, 5.

All of the posts in the Craigslist Records (1) disclose the name, address, and occupation of Fandom Employee, (2) falsely impersonate Fandom Employee and falsely claim he is searching for or willing to engage in a range of illegal activities such as drug sales or sexual transactions, and (3) instruct viewers to go to Fandom Employee's home, often inviting them to "knock loudly." *See generally   id.* The Craigslist Records include IP and email addresses associated with each post, revealing a total of three IP addresses and two email addresses. *See id.* The two email addresses in the Craigslist Records are linked to a combination of the same three IP addresses, further indicating that this conduct all stems from one individual, Defendant. *See generally* McHale Decl. Ex. 1. Moreover, the two email addresses used by Defendant— somedudeyouknow2024@gmail.com    and    ourlordandsaviortaco@gmail.com—include    no personally identifying information but again consist of aliases or pseudonyms designed to  mask the identity of Defendant. McHale Decl. ¶ 4.

Following receipt of the Craigslist Records, Fandom's counsel used publicly available resources to trace each IP address in the Craigslist Records to two specific ISPs, AT&T and

Charter. McHale Decl. ¶ 5. But beyond these efforts, Fandom is otherwise unable to identify Defendant based on the IP and email addresses alone. As a result, Fandom seeks leave to serve subpoenas on AT&T, Charter, and Google, the service providers that host the IP and email addresses identified in the Craigslist records. McHale Decl. ¶¶ 6 – 8, Exs. 2–4.

## II.    ARGUMENT

As set forth in its First Application, which the Court granted, expedited discovery on an *ex parte* basis is proper upon a showing of good cause. Dkt. 10 at 2. Good cause for expedited discovery exists where the plaintiff: "(1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process." *Uber Techs., Inc. v. Doe,* No. 15-cv-00908-LB, 2015 WL 4451372, at *3 (N.D. Cal. July 20, 2015).

*First*, the Court has previously determined that Fandom has identified the Defendant with sufficient specificity for the Court to determine that he is a real defendant capable of being sued in federal court. *See* Dkt. 10 ¶ 1; *see also* Dkt. 6 at 6–7 (First Application detailing Defendant's "specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process." *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. 14-cv-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014)).

*Second*, the Court previously concluded that Fandom sufficiently identified the steps it has taken to locate Defendant, and Fandom has continued to take such steps as detailed here. Dkt. 10 ¶ 1. Specifically, since Fandom's First Application, Fandom served subpoenas on Google (YouTube), Discord, Reddit, Craigslist, and Comcast, and has used publicly available resources to trace IP addresses in the Craigslist Records to specific ISPs. McHale Decl. ¶¶ 1, 5. Fandom also ran Google searches for the two email addresses in the Craigslist Records but found no results revealing identifying information linked to those addresses. *Id.* ¶ 4. These efforts, like Fandom's previous efforts, suffice to satisfy the "good cause" requirement for expedited discovery. *See Camargo v. Miltiadous*, No. 14-CV-04490-JSC, 2015 WL 1951799, at *4 (N.D. Cal. Apr. 29,

2015)(finding second factor satisfied where plaintiff reviewed anonymous posts to attempt to identify doe defendants, "but no information was available").

*Third*, the Court has already held that Fandom has stated at least some claims that would likely survive a motion to dismiss, satisfying the third factor. Dkt. 10 ¶ 1, n. 1.

*Fourth*, as the Court previously held with respect to Fandom's First Application, *see* Dkt. 10 ¶ 1, Fandom has shown that its requested discovery is reasonably likely to lead to the identifying information Fandom needs to identify Defendant. Email providers and ISPs maintain subscriber records and technical logs in the ordinary course of business, and courts routinely authorize subpoenas to such providers to produce information that will identify anonymous online wrongdoers. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. CV 16-1972, 2018 WL 650316, at *2 (4th Cir. Feb. 1, 2018) (noting "only the ISP can match the IP address to the subscriber's identity"); *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *5 (N.D. Cal. Sept. 3, 2008)(finding good cause for expedited discovery where plaintiffs could not "identify defendant, known only by its IP address, other than by a Rule 45 subpoena issued to UCB, to examine its ISP logs."); *G.N. Iheaku & Co. Ltd.*, 2014 WL 2759075 at *3 (granting, on an expedited basis, leave to serve a subpoena on Yahoo! requesting that it "produce information sufficient to identify the Doe defendants who accessed [a specific] Yahoo! email account"). Accordingly, the additional subpoenas Fandom seeks to serve on such email and Internet service providers are reasonably likely to result in production of information that will identify Defendant.

## III.    CONCLUSION

For the foregoing reasons, Fandom respectfully requests this Court grant its application for leave to issue the proposed subpoenas attached to the McHale Declaration.

Respectfully submitted,
TYZ LAW GROUP PC

Dated: March 20, 2026          */s/Ciara McHale*
                               Ciara McHale

                               Attorneys for Plaintiff
                               Fandom, Inc.