RYAN TYZ (CSB NO. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
STEPHANIE ALVAREZ SALGADO (CSB No. 334886)
stephanie@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiff
Fandom, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANDOM, INC., a Delaware corporation, | Case No: 3:26-cv-01354 |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE* MOTION FOR ORDER PERMITTING EXPEDITED DISCOVERY** |
| v. | |
| JOHN DOE, an individual, | |
| Defendant. | Complaint Filed:    February 13, 2026 |

[PROPOSED] ORDER                                                    CASE NO. 3:26-cv-01354

## <u>ORDER</u>

This application came before the Court upon Fandom's Second *Ex Parte* Application for Order Permitting Expedited Discovery ("Application"), and the Court ORDERS:

1.    Fandom has established that "good cause" exists for it to serve third-party subpoenas on AT&T Corp., Charter Communications Inc., and Google LLC (collectively, "Third-Parties"), attached as Exhibits 2 through 4 to the Declaration of Ciara McHale in support of the Application.

2.    The Court has previously found that Fandom satisfied the test set forth in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) for determining whether good cause exists for expedited discovery to identify a Doe defendant. Dkt. 10.

3.    Here, the Court finds that Fandom has again satisfied the good cause test for issuing expedited discovery to identify Defendant. First, Fandom has identified Defendant with sufficient specificity such that the Court can conclude Defendant is a real person or entity who could be sued in federal court.  Second, Fandom sufficiently identified the steps it has taken to locate Defendant.  Third, Fandom has sufficiently stated claims such that they would survive a motion to dismiss.[1]  Finally, Fandom has demonstrated that there is a reasonable likelihood it will be able to identify Defendant through the proposed discovery such that service of process on Defendant would be then be possible. Accordingly, Fandom may serve each of the proposed subpoenas attached as Exhibits 2 through 4 to the Declaration of Ciara McHale.

4.    Fandom may apply to serve additional subpoenas if and when it determines such subpoenas are necessary.

5.    Fandom shall attach to any such subpoena a copy of this Order and a copy of Fandom's Complaint.

6.    Fandom may only use the information disclosed in response to any of the permitted subpoenas for the purpose of protecting and enforcing Fandom's rights as set forth in its

---

[1] As stated in its prior Order, Dkt. 10, the Court finds that Fandom has stated at least some claims that would likely survive a motion to dismiss. The Court does not reach the question of whether all of Fandom's claims would likely survive such a motion.

Complaint.  Pending further order of the Court, Fandom shall not disclose personally identifying information obtained in response to the permitted subpoenas outside of this action or in any public filing, and shall reference any person identified by the permitted subpoenas in public filings only by their initials. If any such person appears in this action (whether named as a defendant or otherwise) and does not wish to appear under their own name, the Court will require them to file a motion to proceed under pseudonym. If a defendant is named and served but defaults, Fandom may file an administrative motion for leave to disclose that defendant's name and other relevant personally identifying information in public filings.

IT IS SO ORDERED.

Dated: March 20, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge