RYAN TYZ (CSB NO. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiff
Fandom, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANDOM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>A.H., an individual, and DOES 1-10,<br><br>Defendants. | Case No: 3:26-cv-01354-LJC<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO IDENTIFY DEFENDANT BY NAME ON SUMMONS AND FOR EXTENSION OF SERVICE DEADLINE** |

Pursuant to Civil L.R. 7-11, 6-3, and 79-5(c), Plaintiff Fandom, Inc. ("Plaintiff") respectfully moves for an order (1) authorizing the Clerk to issue a summons identifying Defendant A.H. by his full name and address for purposes of service of process; (2) sealing portions of the proposed and issued summons and any related service documents that contain Defendant A.H.'s full name and address and are filed on the public docket, including any proof of service that Plaintiff will file following service; and (3) briefly extending Plaintiff's deadline to serve Defendant under Federal Rule of Civil Procedure 4(m) by two weeks from the date of the Court's order on this motion.  This motion is supported by the Declaration of Ciara McHale filed concurrently herewith and the records and files in this action.

## I.    BACKGROUND

On March 12 and March 20, 2026, the Court entered orders granting ex parte motions for expedited discovery aimed at identifying Defendant John Doe.  Dkts. 10, 13 (the "Orders").  The Orders authorized Plaintiff to subpoena certain service providers for information identifying the individual(s) responsible for the conduct alleged in the complaint and provided that, pending further order of the Court, Plaintiff "shall not disclose personally identifying information obtained in response to the permitted subpoenas outside of this action or in any public filing, and shall reference any person identified by the permitted subpoenas in public filings only by their initials." Dkt. 10 at 2.  The Orders also state that "[i]f a defendant is named and served but defaults, Fandom may file an administrative motion for leave to disclose that defendant's name and other relevant personally identifying information in public filings." *Id.*

Pursuant to the expedited discovery authorized by the Orders, Plaintiff has now obtained and investigated identifying information for Defendant A.H., including his full name and address. In accordance with the Court's Orders, Plaintiff filed a First Amended Complaint adding Defendant to the case using only his initials in the caption and allegations and has continued to refer to Defendant by his initials in all public filings. Dkt. 19.

The current deadline for Plaintiff to serve Defendant under Rule 4(m) is July 13, 2026. Plaintiff requests the Court's authorization to use Defendant A.H.'s full name and address on the proposed summons submitted with this motion and seal the portions of it, any issued summons,

and any related service documents that contain identifying information in compliance with the Court's Orders, and for a brief extension of the deadline to serve Defendant A.H. to allow Plaintiff time to complete service following the Court's ruling on this motion and issuance of summons.

## II.    BASIS FOR SEALING AND REQUEST AUTHORIZATION TO USE FULL NAME (CIVIL L.R. 79-5)

Plaintiff has submitted for sealing a proposed summons that includes Defendant A.H.'s full name and address and requests that the Court seal the portions of any service-related documents that Plaintiff is required to file, including the proposed summons and any forthcoming proof of service.

Civil Local Rule 79-5 requires that requests to seal be narrowly tailored and supported by a sufficient showing that the information is privileged, protectable as a trade secret, or otherwise entitled to protection. The Court's prior Orders reflect a determination that, at this stage of the case, the personally identifying information obtained through the permitted expedited discovery, including Defendant A.H.'s full name and address, should not be filed publicly, subject to later disclosure as set forth in the Orders.

While Plaintiff has no objection to filing this information publicly, good cause exists at this time to seal portions of the proposed summons that disclose Defendant A.H.'s name and address to enable Plaintiff to remain in compliance with the Court's Orders.  This requested relief is narrowly tailored to and supported by the Court's Orders that such information will not be publicly disclosed pending further order.  Plaintiff does not seek to alter the Orders or to publicly disclose Defendant's identifying information at this time but reserves all rights to request disclosure of Defendant's full name as warranted as the case proceeds and consistent with the Court's Orders.  Should the Court determine that such sealing is unwarranted, Plaintiff does not object and is prepared to promptly file an unsealed version of the proposed summons for issuance.

## III.    REQUEST TO EXTEND RULE 4(M) SERVICE DEADLINE (CIVIL L.R. 6-3)

### A.    Facts Showing Good Cause for Brief Extension

Plaintiff also requests a brief extension of the deadline to complete service to allow time for the Court to rule on this motion and for Plaintiff to then promptly make efforts to complete

service.  Under Federal Rule of Civil Procedure 4(m), Plaintiff must serve Defendant by July 13, 2026. As explained in the accompanying declaration and above, Plaintiff has acted diligently and pursued expedited discovery authorized by the Court, obtained information potentially identifying Defendant A.H., conducted further investigation upon receipt of this identifying information, and then promptly amended the complaint to add Defendant A.H. by his initials as ordered by the Court. Plaintiff therefore requests a modest additional extension of the service deadline to allow Plaintiff time to receive the Court's authorization and/or guidance regarding sealing or redaction of the summons, issuance of the summons, and Plaintiff to make prompt efforts to attempt and complete service.  Accordingly, good cause exists to extend the Rule 4(m) deadline by a short, defined period of two weeks following the Court's ruling on this motion.

**B.        Prior Time Modifications and Effect of Requested Time Modification**

Plaintiff previously requested modification of the Rule 4(m) service deadline and the Initial Case Management Conference amidst its efforts to conduct ongoing expedited discovery aimed at identifying the Defendant(s) in this action, which the Court granted. Dkts. 14–17.  Since identifying and naming Defendant A.H. in the First Amended Complaint, there have been no other modifications of the Rule 4(m) service deadline for Defendant A.H. in this case, and Plaintiff has not requested any further continuances of the Initial Case Management Conference.

On June 25, 2026, the Court continued the Initial Case Management Conference from July 16, 2026 to July 23, 2026 and set the deadline for the joint case management conference statement as July 16, 2026. Dkt. 18.  Plaintiff does not seek to modify any dates relating to the Initial Case Management Conference or statement.

Accordingly, the requested extension of two weeks from the date of the Court's order on this motion, is targeted, limited, and will not materially delay the case. It is tailored to allow sufficient time for the Court to rule on this motion, for the Clerk to issue the summons, and for Plaintiff to make efforts to complete service promptly thereafter. The requested extension will not affect the dates set for the case management conference (July 23, 2026) or the deadline for the joint case management conference statement (July 16, 2026).

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and enter the proposed order submitted herewith (a) authorizing the Clerk to issue a summons and any related service documents identifying Defendant by his full name and address; (b) directing that the proposed summons, issued summons, and any proofs of service or related service forms that are required to contain Defendant's full name and address be sealed and filed on the public docket in redacted form, with unredacted versions submitted under seal, pursuant to Civil Local Rule 79-5; and (c) extending Plaintiff's deadline to serve Defendant under Rule 4(m) to two weeks from the date of the Court's order on this motion.

Respectfully submitted,
TYZ LAW GROUP PC

Dated: July 8, 2026

_/s/Ciara McHale_
Ciara McHale

Attorneys for Plaintiff
Fandom, Inc.