RYAN TYZ (CSB NO. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiff
Fandom, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FANDOM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>A.H., an individual, and DOES 1-10,<br><br>Defendant. | Case No: 3:26-cv-01354-LJC<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 3, 2026<br>Time: 1:30 p.m.<br>Courtroom: Zoom Webinar<br><br>Complaint Filed: February 13, 2026 |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Local Rules and standing orders of this Court, the parties respectfully submit this Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

The Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Fandom asserts a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 and 1964. The Court has supplemental jurisdiction over Fandom's state law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claim as to form part of the same case or controversy.

Defendant has executed Waiver of the Service of Summons and Complaint and his deadline to respond to the First Amended Complaint is September 18, 2026. Dkt. No. 25. There are no disputes regarding personal jurisdiction, venue, or service.

## II. FACTS

### a. Plaintiffs' Position

Fandom operates online entertainment platforms and community forums, including GameFAQs.com, which it acquired in or around late 2022. Beginning in 2023, Fandom restricted political and other categories of content on GameFAQs, and in 2024, after repeated policy violations, Fandom—through its moderation personnel, including the employee at issue (the "Fandom Employee")—limited, suspended, and/or terminated one or more Defendants' access to the service.

Fandom alleges that Defendants responded with a multi-year campaign of harassment and intimidation directed at Fandom and the Fandom Employee across Reddit, YouTube, Discord, and Craigslist, including posts referencing Fandom's San Francisco headquarters and threatening telephone calls to the Fandom Employee's family. Fandom further alleges that Defendant A.H. escalated the campaign in 2025 and 2026 by creating Craigslist posts impersonating the Fandom Employee, disclosing his home address, and falsely representing that he or his spouse would trade goods for sex, and by directing third parties to the Fandom Employee's home and telling them they could let themselves in. Multiple strangers came to the residence in January and February 2026. Fandom identified Defendant A.H. through IP-address information provided by Craigslist

and subscriber records obtained from the associated Internet service provider, and filed its First Amended Complaint naming him on June 25, 2026. Dkt. No. 19.

Fandom therefore brings this action to stop Defendant's conduct and to recover for the harm it has caused, asserting claims for defamation, intentional infliction of emotional distress, intrusion upon seclusion, false light, public disclosure of private facts, harassment, doxing, intentional interference with contractual relations, and violation of RICO. The principal factual issues in dispute are whether Defendant A.H. authored the content at issue, whether he acted in concert with any other person, and the nature and extent of the resulting harm to Fandom and the Fandom Employee.

**b. Defendants' Position**

Defendant has executed a waiver of service and has 60 days from July 20, 2026 (September 18, 2026) to file and serve an answer or a motion under Rule 12. As such Defendant is in currently in the process of evaluating the facts and circumstances pled in the operative complaint to adhere to the responsive timeline and respond accordingly.

## III. LEGAL ISSUES

Plaintiff identifies the following legal issues presently in dispute: (1) whether Defendant A.H. is responsible for the online conduct alleged in the First Amended Complaint, including the Craigslist posts and messages attributed to him; (2) whether Defendant acted in concert with any Doe Defendant; (3) whether Defendant's statements concerning the Fandom Employee constitute defamation and libel per se, and whether Fandom has standing to assert that claim on the Fandom Employee's behalf; (4) whether Defendant's conduct constitutes intentional infliction of emotional distress; (5) whether Defendant's conduct constitutes intrusion upon seclusion, false light invasion of privacy, and public disclosure of private facts; (6) whether Defendant's conduct constitutes harassment under California Code of Civil Procedure § 527.6 and doxing under California Code of Civil Procedure § 1708.89; (7) whether Defendant intentionally interfered with Fandom's contractual relations with its employees; (8) whether Defendant A.H. and Does 1–10 constitute an association-in-fact enterprise under 18 U.S.C. § 1961(4), whether Defendant conducted its affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c),

and whether Defendant conspired to do so in violation of 18 U.S.C. § 1962(d); (9) whether Defendant should be enjoined; and (10) whether Fandom should be awarded damages, punitive damages, treble damages and attorneys' fees under 18 U.S.C. § 1964(c), and its costs.

Defendant identifies the following legal issues presently in dispute:

Defendant has executed a waiver of service and has 60 days from July 20, 2026 (September 18, 2026) to file and serve an answer or a motion under Rule 12. As such Defendant is in currently in the process of evaluating the facts and circumstances pled in the operative complaint, the legal issues involved, and any applicable rights and defenses to adhere to the responsive timeline and respond accordingly. Due to this timing Defendant reserves all rights and defendants.

## IV. MOTIONS

### a. Pending Motions

There are no pending motions at this time.

### b. Anticipated Motions

Plaintiff anticipates that discovery motions may be necessary, and that it will seek entry of a stipulated protective order and an order governing the treatment of the Fandom Employee's and Defendant's personal identifying information consistent with the Court's March 12, 2026 order. Plaintiff also anticipates filing a motion for summary judgment.

Plaintiff also notes the Court's previous order providing that if a person identified by Fandom through its authorized expedited discovery "appears in this action (whether as a defendant or otherwise) and does not wish to appear under their own name, the Court will require them to file a motion to proceed under pseudonym," and asks that, upon Defendant A.H.'s appearance in the case, he be made to file such a motion. Dkt. 10.

Defendant is still in the process of evaluating this case and has not yet filed a responsive pleading or motion. Defendant has executed a waiver of service and has 60 days from July 20, 2026 (September 18, 2026) to file and serve an answer or a motion under Rule 12. As such Defendant is in currently in the process of evaluating the facts and circumstances pled in the operative complaint to adhere to the responsive timeline and respond accordingly to include any

applicable motions.

## V. AMENDMENT OF PLEADINGS

Plaintiff filed its First Amended Complaint on June 25, 2026. Dkt. No. 19. The parties agree to follow Fed. R. Civ. P. 15 regarding any future proposed amendment of pleadings.

## VI. EVIDENCE PRESERVATION

The parties held their conference pursuant to Federal Rule of Civil Procedure 26(f) on August 12, 2026. The parties have reviewed the Court's Guidelines for the Discovery of Electronically Stored Information (ESI) and represent that they have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action, including electronic data and materials to the extent they have said information within their custody, possession, and/or control.

Defendant adds that the Parties will meet and confer to confirm the extent to which relevant materials to this case have been preserved relevant to the issues one could reasonably understand to be part of this case.

## VII. DISCLOSURES

The parties agree to exchange initial disclosures on August 31, 2026.

## VIII. DISCOVERY

### a. Discovery Taken to Date

No discovery has been taken to date.

### b. Anticipated Scope of Discovery

The parties anticipate serving written discovery, including interrogatories, requests for production, and requests for admission, as well as taking fact witness depositions. The parties also anticipate conducting expert discovery, including expert disclosures and expert depositions as permitted by Rule 26.

i. <u>Plaintiff's Position</u>

Plaintiff anticipates seeking discovery on at least: the identity of Defendants and of any person acting in concert with them; Defendants' accounts, usernames, devices, and IP addresses used in connection with the conduct alleged; the creation, content, and dissemination of the

Reddit, YouTube, Discord, and Craigslist content at issue; Defendants' communications with any co-conspirator; Defendants' knowledge of and access to the Fandom Employee's personal identifying information; Defendants' history as GameFAQs users and the moderation actions taken against their accounts; Defendants' motive and intent; Defendants' financial condition as relevant to punitive damages; the harm caused by Defendants' conduct; and Defendants' defenses. Plaintiff also anticipates serving third-party subpoenas on the platforms and service providers at issue as needed to uncover the identity of remaining Defendants. Plaintiff expects discovery to proceed consistent with the Federal Rules of Civil Procedure and the Court's local rules and standing orders.

ii. Defendants' Position

Defendant is still in the process of evaluating this case and has not yet filed a responsive pleading or motion. Defendant has executed a waiver of service and has 60 days from July 20, 2026 (September 18, 2026) to file and serve an answer or a motion under Rule 12. As such Defendant is in currently in the process of evaluating the facts and circumstances pled in the operative complaint to adhere to the responsive timeline and respond accordingly to include any applicable motions. Defendant will seek discovery related to any applicable defenses related to this action and information related to Plaintiff's claims to prepare his defense.

**c. Proposed Limitations or Modifications of the Discovery Rules**

The parties do not presently believe that any limitations or modifications of the discovery rules provided by the Federal Rules of Civil Procedure or this Court's Local Rules are necessary or appropriate. Discovery should proceed in accordance with those rules and any scheduling order the Court enters.

**d. Electronic Discovery**

The parties agree to further meet and confer regarding use of the [MODEL] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION as it pertains to this litigation to see if the Model Stipulated Order can be used in this instance or whether a further tailored order is necessary. Plaintiff will prepare and circulate a draft Model E-Discovery Stipulated Order for

Defendants review so that if agreeable the parties can submit for the Court's consideration.

**e. Stipulated Protective Order**

The parties anticipate that a stipulated protective order will be necessary to govern the production and use of confidential and highly confidential materials in this case. Plaintiff will prepare and circulate a draft protective order based on this Court's model protective orders for Defendant A.H.'s review, and the parties expect to submit a proposed stipulated protective order for the Court's consideration.

**f. Discovery Disputes**

At present, there are no active discovery disputes. The parties will meet and confer in good faith to resolve any discovery disagreements that may arise and will seek the Court's assistance only if they are unable to reach resolution and pursuant to this Court's standing order governing such disputes.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

There are no related proceedings involving the same subject matter currently pending in any other court or administrative body.

## XI. RELIEF

**a. Plaintiff's Position**

Plaintiff seeks entry of judgment in its favor and the following relief: (1) compensatory damages in an amount to be proven at trial; (2) punitive and exemplary damages; (3) treble damages under 18 U.S.C. § 1964(c); (4) preliminary and permanent injunctive relief restraining Defendant, and anyone acting in concert with him, from harassing, threatening, or contacting the Fandom Employee, any member of his household, or any Fandom employee in connection with their work at Fandom; from publishing the Fandom Employee's private identifying information; from publishing content falsely representing that the Fandom Employee is seeking to engage in or trade sex, or otherwise impersonating him online; and from publishing content that encourages or invites third parties to contact, visit, or approach the Fandom Employee or his household; (5)

reasonable attorneys' fees where authorized by law; (6) costs of suit; and (7) such other and further relief in law or in equity as the Court deems just and proper. Plaintiff's damages are not yet quantified; Plaintiff will provide its damages computation in its initial disclosures and supplement as discovery proceeds.

**b. Defendants' Position**

Defendant is still in the process of evaluating this case and has not yet filed a responsive pleading or motion. Defendant has executed a waiver of service and has 60 days from July 20, 2026 (September 18, 2026) to file and serve an answer or a motion under Rule 12. As such Defendant is in currently in the process of evaluating what relief Defendant will be seeking in this action and incorporate such request in its responsive pleading.

## XII. SETTLEMENT AND ADR

Plaintiff and Defendant A.H. have engaged in early settlement discussions. While no agreement has been reached, the parties remain open to continued settlement dialogue as the case progresses.

The parties agree that it would be appropriate to discuss the selection and timing of Alternative Dispute Resolution options with the Court at or after the Initial Case Management Conference.

Defendant requests the court set a date for a settlement conference in an effort to attempt ADR relating to this matter.

## XIII. OTHER REFERENCES

None.

## XIV. NARROWING OF ISSUES

The parties are not able to identify issues that can be narrowed by agreement or by motion at this time. Defendant has not yet responded to the First Amended Complaint, no responsive pleading or affirmative defenses are on file, and no discovery has been taken. The parties will be better positioned to identify the most consequential issues in the case, and to propose means of expediting their resolution, once the pleadings are settled and discovery is underway, and they will do so in a further case management statement or at the Court's direction.

## XV. SCHEDULING

The parties' proposed schedule is detailed in Appendix A. The proposed dates are set to conform to Judge Cisneros's calendar and standing orders

## XVI. TRIAL

The parties anticipate that a jury trial will require approximately three to four full court days.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed, or will file, the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Fandom filed its certification on February 13, 2026. Dkt. No. 2.

Fandom certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: TPG Inc. has an ownership interest in TPG Operating Group I–III, L.P., which has an ownership interest in TPG Digital Media GenPar Advisors, Inc., which has an ownership interest in TPG Digital Media GenPar, L.P., which has an ownership interest in TPG DigitalMedia, L.P., which has an ownership interest in Integrated Media Company, LLC, which has an ownership interest in Digital Media Falco, L.P., which has an ownership interest in Fandom, Inc.

Defendant certifies that Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Court's Guidelines for Professional Conduct.

## XIX. CONSENT TO MAGISTRATE FOR ALL PURPOSES

Plaintiff has consented to the jurisdiction of a United States Magistrate Judge for all purposes. Defendant does not consent to a Magistrate Judge and requests assignment to a District Judge.

**XX. OTHER**

The parties have agreed to accept service of documents by email.

Respectfully submitted,
TYZ LAW GROUP PC

Dated: August 27, 2026

*/s/Ciara McHale*
Ciara McHale

Attorneys for Plaintiff
Fandom, Inc.

Respectfully submitted,
**ASTUNO & ASSOCIATES**

Dated: August 27, 2026

*/s/James Astuno*
James Astuno

Attorneys for Defendant
A.H.

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Ciara McHale, attest that concurrence in the filing of this Initial Joint Case Management Statement has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct. Executed on August 27, 2026.

*/s/Ciara McHale*
Ciara McHale

## APPENDIX A

The parties propose that the Court enter the below schedule for this action.

| EVENT | PROPOSAL |
|---|---|
| Last Day to Amend Pleadings | 12/4/2026 |
| Fact Discovery Closed | 2/5/2027 |
| Opening Expert Disclosure on issues on which the party bears the burden | 3/5/2027 |
| Rebuttal Expert Disclosure | 4/2/2027 |
| Expert Discovery Closed | 5/7/2027 |
| Last Day to File Dispositive Motions | 5/25/2027 |
| Last Day to Hear Dispositive Motions | 6/29/2027 |
| Exchange of Pretrial Materials and Motions in Limine | 7/23/2027 |
| Meet and Confer re pretrial statement, materials, and settlement | 7/30/2027 |
| Joint Pretrial Conference Statement / Trial Briefs | 8/6/2027 |
| Pretrial Conference | 8/20/2027 |
| Trial | 9/13/2027 |